E-FILED
Friday, 21 October, 2011  12:06:50 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **Andrew Pinkston,** | ) | |
| | ) | |
| Plaintiff, | ) | 11-CV-3182 |
| | ) | |
| v. | ) | |
| | ) | |
| **Scott McKee, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge**

The plaintiff, Andrew Pinkston, currently incarcerated in Western Correctional Center, filed his original complaint on June 29, 2011. He filed an amended complaint [13] on September 22, 2011. His amended complaint supersedes his original complaint. He sues Scott McKee, the warden of Western Illinois Correctional Center (hereinafter Western); Mr. Steve Ashcraft, a Lieutenant in Internal Affairs at Western; Robert Schenk and Bryan Evans, both correctional officers at Western; Jane Doe 1, Jane Doe 2, Jane Doe 3, nurses in the Medical Unit at Western; and John Doe, a physician in the Medical Unit at Western. A merit review of the plaintiff's complaint was held on October 3, 2011. The plaintiff appeared, via telephone.

**Legal Standard**

The Court is required by 28 U.S.C. § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer, and through such process to identify cognizable claims, dismissing claims that are "frivolous, malicious, or fail to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review.

The review standard under 28 U.S.C. § 1915A is the same as the notice pleading standard, under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(other quoted cite omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

**Facts**

The facts are gleaned from the plaintiff's amended complaint [13] and statements he made during the merit review conference. While detained at Western Correctional Center located in Mt. Sterling, Illinois, on September 18, 2009, Defendants Robert Schenk and Bryan Evans took the plaintiff on a court writ to Bloomington, Illinois. During the transport, Defendant Schenk smoked inside the transport vehicle. They stopped at a Shell gas station that included a McDonald's restaurant. Defendant Evans removed the "gun arms belt" and placed it inside the transport vehicle. Both defendants went inside McDonald's. Defendant Schenk bought some food that he consumed in the vehicle as they drove to the court in Bloomington, Illinois. Once they arrived at the courthouse, Defendant Schenk smoked inside the vehicle again.

Around 11:00 a.m., the plaintiff requested lunch. Defendant Schenk advised him they forgot to bring a lunch for him. Around 11:30 a.m., the plaintiff was transported back to Western. On the return trip, Defendant Schenk smoked in the

3

vehicle. They stopped at Popeye's Chicken Restaurant at noon. Defendant Schenk went inside. Defendants did not buy Plaintiff any lunch. While en route to Western, Defendant Schenk smoked over and over. During the merit review conference, the plaintiff admitted that he did not tell Defendant Schenk that he was required to have a smoke-free environment, and he does not allege that Defendants Schenk and Evans were aware that exposing the plaintiff to second-hand smoke was a serious risk to his health. They arrived at Western around 5:00 p.m. The plaintiff requested that Defendant Schenk walk him to the dietary unit to get a sack lunch. Defendant Schenk refused.

The same day, the plaintiff filed an emergency grievance. Ten days later, the plaintiff received the grievance back. The grievance was marked "not an emergency," but the grievance was referred to Internal Affairs by Defendant Scott McGee. On September 30, 2009, the plaintiff resubmitted the grievance with additional information regarding threats and intimidation by Defendant Schenk. On October 23, 2009, the plaintiff was called to Internal Affairs by Defendant Ashcraft. Plaintiff told Defendant Ashcraft about Defendant Schenk's threats, intimidation, and harassment. Defendant Ashcraft advised the plaintiff that Defendant Schenk was harmless. On January 18, 2010, Defendant McKee received and signed off on the grievance. On February 2, 2010, the plaintiff

appealed the grievance. On April 28, 2010, Defendant Schenk harassed the plaintiff. Defendant Schenk told the plaintiff that he was angry because Defendant Schenk did not buy chicken for the plaintiff and to watch what happens to him the next time he takes the plaintiff on a writ. Defendant Schenk also harassed the plaintiff on May 2, 2010 and June 27, 2010. The plaintiff believes that Defendant Schenk failed to feed the plaintiff on September 18, 2010 and harassed and intimidated him in retaliation for his filing a grievance regarding the exposure to second-hand smoke, the unauthorized stop to buy lunch, and the failure to feed him during the writ to Bloomington.

The plaintiff claims Defendant McKee's and Ashcraft's failure to take disciplinary action against Defendants Schenk and Evans for not feeding him while on a court writ and for Defendant Schenk exposing the plaintiff to second-hand smoke is a violation of the plaintiff's Eighth Amendment right against cruel and unusual punishment. Further, the plaintiff claims Defendants McKee and Ashcraft have demonstrated deliberate indifference by failing to act upon his grievance regarding Defendant Schenk's retaliation and harassment.

The plaintiff believes his exposure to second-hand smoke on September 18, 2009, caused him to cough up yellow mucous, to wake up in the middle of the night due to shortness of breath, and to have a sore throat. In January or February

5

2010, three to four months after being exposed to second-hand smoke, he told Defendant Jane Doe 1, a nurse, that he was experiencing problems due to being exposed to second-hand smoke. He also advised her that he was coughing yellow mucous, was having a sore throat, and was waking up in the middle of the night due to shortness of breath. The plaintiff was diagnosed as having allergies. Defendant Jane Doe 1 provided the plaintiff with what he describes as an allergy medication. He does not know what caused his allergies. When the plaintiff ran out of the medication, Defendants Jane Doe 2 and Jane Doe 3, also nurses, provided the plaintiff with additional allergy medication for the same symptoms. After making three requests, the plaintiff was treated by a physician in March 2010. Although the plaintiff was still complaining of shortness of breath, waking up in the night, continuous exposure to second-hand smoke by "other staff members," and Defendant Schenks' continuous harassment and threats, Defendant John Doe, the physician, told the plaintiff there was nothing wrong with him and did not refer him for psychiatric care. Defendant John Doe advised the plaintiff that his symptoms were not caused by second-hand smoke and reminded the plaintiff that the institution is smoke free. The Court takes judicial notice that the Illinois State prisons became smoke free in January 2008. Further, the plaintiff admits he does not have a medical condition diagnosed by a physician that requires

him to have a smoke-free environment.

## Analysis

Prison officials have a duty to provide inmates with food. However, missing two meals does not rise to a constitutional violation. Woods v. Thieret, 903 F.2d 1080 (7th Cir. 1990) *quoting* Johnson v. Pelker, 891 F.2d 136, 139 (7th 1989) (prison officials have a responsibility to provide inmates with a minimum of food, shelter and basic necessities). However, missing two meals is *de minimus*. Plaintiff has alleged no detrimental health consequences. His allegation is the type of *de minimus* level of imposition with which the Constitution is not concerned.

Defendant Schenk's alleged threats, intimidation, and harassment, while unprofessional and certainly not condoned by the Court, do not state a constitutional claim because the plaintiff has not suffered a constitutional deprivation. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) (Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest, or deny a prisoner equal protection of the laws.)

Acts which are constitutional can become unconstitutional if done in retaliation for the exercise of a constitutionally protected right. *See* DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 1999) (citations omitted). Obviously,

Defendants Schenk and Evans did not fail to feed the plaintiff on September 18, 2009 because the plaintiff had filed a grievance against them. The failure to feed the plaintiff took place before the plaintiff filed the grievance. Therefore, the plaintiff's claim that Schenk retaliated against him on that basis fails. Further, as the plaintiff's allegations regarding the harassment and intimidation fails, he cannot proceed on a claim of retaliation on that basis.

Further, it is well-settled that a plaintiff cannot state a constitutional claim for the denial of a grievance. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (finding the plaintiff had no right to a grievance procedure adequate to offer redress of his grievances.) The only right attached to a grievance process is a procedural one, that an inmate must be allowed to exhaust his administrative remedies in order to pursue his right of access to the courts. Id. at 1430; DeWalt at 618. As the plaintiff had no expectation in a particular outcome of his grievances, there is no viable claim that can be pursued through § 1983. Juriss v. McGowan, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

As to Plaintiff claim that Defendants McKee and Ashcraft's failure to punish Defendants Schenk and Evans, the plaintiff fails to allege a violation of his federal constitutional rights as to these allegations. The Court discerns no possible federal

8

constitutional violation.

"A prison is not required to provide a completely smoke-free environment, except for prisoners who have asthma or some other serious respiratory condition that even a low level of ambient smoke would aggravate. (*citations omitted*). A normal prisoner must prove that he 'is being exposed to *unreasonably high levels of ETS* . . . ." Powers v. Snyder, 484 F.3d 929, 932 (7th Cir. 2007), *quoting* Helling, 509 U.S. 25, 35 (1993). However, there may be "a level of ambient tobacco smoke that, whether or not it creates a serious health hazard, inflicts acute discomfort amounting, especially if protracted, to punishment." Id. Further, a prisoner's unwilling exposure to second-hand smoke may give rise to an Eighth Amendment claim of cruel and unusual punishment, either based on a present injury and/or a future injury. Like other Eighth Amendment claims, however, the standard is a high hurdle, requiring both an objectively serious risk and subjective, deliberate indifference to that risk by Defendants. Henderson v. Sheahan, 196 F.3d 839, 844-848 (7th Cir. 2000).

The facts before this Court show that the plaintiff was not required to have a smoke-free environment. There is no evidence that Defendants Schenk and Evans were aware that exposing the plaintiff to second-hand smoke was a serious risk to the plaintiff's health. More significant, the plaintiff admits he does not have a

9

medical condition diagnosed by a physician that requires the plaintiff to have a smoke-free environment. The plaintiff advised the court that the medical staff told him he had allergies. Further, the doctor, Defendant John Doe, told him that his allergies were not due to second-hand smoke. No medical professional has advised the plaintiff that the symptoms he was suffering in 2010 were caused by exposure to second-hand smoke on September 18, 2009. Further, the plaintiff's symptoms were not serious enough to amount to a present injury claim. For present injury claims, the prisoner must show that "the second-hand smoke caused him to suffer 'serious' existing health problems and that the Defendants were deliberately indifferent to his situation." Id. at 845. A serious health problem is a medical condition diagnosed by a physician as requiring a "smoke-free environment," or a condition needing treatment by a physician that was caused by the exposure to the smoke. Id. at 846. The deprivation must be extreme to be objectively serious. Id. ("breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy–are, objectively speaking, relatively minor"); Oliver v. Deen, 77 F.3d 156 (7th Cir. 1996) (prisoner with mild and controlled asthma did not have serious medical need to support award for damages based on present injury from exposure to second-hand smoke; wheezing and discomfort not enough) (Judge Wood, dissenting); Goffman v. Gross, 59 F.3d 668 (7th Cir. 1995) (upholding factual

finding that inmate failed to prove serious medical condition exacerbated by second-hand smoke solely on fact that inmate had been successfully treated for lung cancer by removal of lung). Oliver, 77 F.3d at 158-61 ("chest pains, difficulty in breathing, dizziness, nausea and other signs of discomfort" of asthmatic inmate did not survive summary judgment on present injury claims).

Further, the court notes the plaintiff has not named "other staff members" as defendants in this lawsuit. If somehow, the plaintiff was exposed to subsequent exposures to second-hand smoke by other staff members, those exposures cannot be contributed to the named defendants.

Deliberate indifference to a serious injury or medical need violates a prisoner's rights under the Eighth Amendment to be free from cruel and unusual punishment. Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001), *citing* Estelle v. Gamble, 429 U.S. 153, 182-83 (1976). The injury or need must be objectively serious, *and* the official must personally know of the risk and consciously disregard it. *See* Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999); Mathis v. Fairman, 120 F.3d 88. 91 (7th Cir. 1997); Wynn v. Southward, 251 F.3d at 593 (2001). An objectively serious injury or medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

would easily recognize the necessity for a doctor's attention.'" Chapman, 241 F.3d at 845, *quoting* Zentmyer v. Kendall County 220 F.3d 805, 810 (7th Cir. 2000)(*quoting* Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). An objectively serious condition also presents itself if "'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain.'" Reed v. McBride, 178 F.3d 849, 852 (7th Cir. 1999), *quoting* Gutierrez, 111 F.3d at 1373. The subjective component – deliberate indifference – does not encompass negligence or even gross negligence. Id., *citing* Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991); Farmer v. Brennan, 511 U.S. 825, 836 (1994). The prisoner must "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." Wynn, 251 F.3d at 593, *citing* Farmer v. Brennan, 511 U.S. at 837; Zentmyer, 220 F.3d at 811. A prisoner is not required to show that he or she was "literally ignored." Sherrod v. Lingle, 223 F.3d 605, 611 (7th Cir. 2000)(jury could find deliberate indifference, "[i]f knowing that a patient faces a serious risk of appendicitis, the prison official gives the patient an aspirin and an enema and sends him back to his cell."). Deliberate indifference may also be inferred "when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or

standards as to demonstrate the person responsible did not base the decision on such a judgment." Estate of Cole v. Pardue, 94 F.3d 254, 261-62 (7th Cir. 1996); *see also* Collingnon v. Milwaukee County, 163 F.3d 982, 989 (7th Cir. 1998) (deliberate indifference may be established if "response so inadequate that it demonstrated an absence of professional judgment, that is, that nominally competent professional would not have so responded under the circumstances."). However, malpractice or disagreement with a doctor's treatment decisions cannot be the basis for an Eighth Amendment challenge. *See* Steele v. Choi, 82 F.3d 175, 178-79 (7th Cir. 1996); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996).

In this case, the plaintiff's allegations do not support any inference of deliberate indifference by Defendants Jane Does 1-3 or Defendant John Doe. Defendant Jane Does 1-3 provided medical care for the plaintiff when he requested care. Defendant Jane Doe 1 diagnosed the plaintiff as having allergies and she provided him with allergy medication. When he ran out of medication for his allergies, the Defendants Jane Does 2 and 3 provided additional medication. The plaintiff disagrees with Defendant Jane Doe 1's diagnosis of allergies and with Defendant John Doe's medical diagnosis that there was nothing wrong with the plaintiff, the decision not to provide psychiatric care for the plaintiff, and the diagnosis that his symptoms were not caused by exposure to second-hand smoke.

However, disagreement with the medical professionals' medical decision cannot be the basis for an Eighth Amendment challenge.

**IT IS THEREFORE ORDERED:**

1) Pursuant to the Court's review of the complaint under 28 U.S.C. § 1915A and based on the foregoing discussion, the plaintiff's entire complaint is dismissed pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. Pro. Rule 12(b)(6). Further, because the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk of the court is directed to add the plaintiff's strike to the three strikes log.

2) Although his lawsuit is dismissed, the plaintiff is still obligated to pay the filing fee in full. See 28 U.S.C.A. § 1915(b)(1). The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

3) If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: October 21, 2011

FOR THE COURT:

                                    **s/Sue E. Myerscough**
                                    SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE